IN UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:10CR221 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| -vs- | ) | **MOTION TO SUPPRESS EVIDENCE** |
| | ) | |
| KEVIN DYE | ) | **Oral Hearing Requested** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

NOW COMES the Defendant, **KEVIN DYE**, by and through counsel, and respectfully moves this Honorable Court, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, for an order suppressing any and all evidence which the government seeks to introduce at the trial of the above captioned case, on the ground that such evidence is the fruit of an unconstitutional search and seizure, in violation of the rights guaranteed the Defendant by the Fourth and Fourteenth Amendments to the United States Constitution.

        Respectfully submitted,

        */s. James M. Campbell*_____
        JAMES M. CAMPBELL, #0004733
        Attorney for Defendant, Kevin Dye
        2717 Manchester Road
        Akron, OH 44319
        P: (330) 745-2422
        F: (330) 745-2447

## BRIEF IN SUPPORT

The evidence to be put forth in the hearing on this Motion will establish that the search and seizure of the Defendant's property in this case, without probable cause, and with a defective or non-existent search warrant, and absent any exigent circumstances,

violated Defendant's rights under the Fourth and Fourteenth Amendments to the United States Constitution. The United States Constitution grants citizens protection against unreasonable searches and seizures. The Fourth Amendment applicable to the states through the Fourteenth Amendment reads:

> [T]he right of the people to be secure in their persons, houses, papers and possessions against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but on probable cause, supported by oath or affirmation, and particularly describing the person or thing to be seized.

The evidence the government seeks to introduce at trial is inadmissible because it was obtained in violation of the Fourth and Fourteenth Amendments to the United States Constitution. In <u>Mapp v. Ohio</u>, 367 U.S. 643 (1961), the United States Supreme Court held that the security of one's privacy against arbitrary intrusion by the police - - which is at the core of the Fourth Amendment - - is basic to a free society and therefore implicit in the concept of ordered liberty, and, as such, enforceable against the States through the due process clause of the Fourteenth Amendment.

Specifically the Defendant, **KEVIN DYE**, requests that this court suppress the following evidence for the reasons more specifically provided herein:

1. All records relating to the Defendant's cellular telephone records or cellular telephone location because those records were obtained without a warrant or under an improper warrant and absent exigent circumstances.

2. Any evidence obtained from the search of 363 Fairlawn Avenue, Mansfield, OH on December 14, 2009. Although there was a warrant to search the residence, the warrant was issued based upon a "plain view"

        observation of certain items. Said plain view observation was done without a warrant and without voluntary consent.

3. Any evidence obtained from the search of 363 Fairlawn Avenue, Mansfield, OH on December 14, 2009 as a result of the search warrant issued by a Richland County judge on December 14, 2009. Because the alleged crime in this matter was committed at the Richland County Courthouse, the judge that issued the warrant could not be neutral and detached as required by law.

4. Any evidence obtained from those locations within 363 Fairlawn Avenue, Mansfield, OH on December 14, 2009 in which the Defendant, **KEVIN DYE**, had a reasonable expectation of privacy, including but not limited to the washing machine.

**Cellular Phone Records**

Part of the evidence provided to defense counsel by the government includes various cellular telephone logs for telephone(s) allegedly belonging to the Defendant, **KEVIN DYE**. Additionally, the government has provided defense counsel with information as to "pings" emitted by said cellular telephone(s). These records were obtained via a subpoena duces tecum issued by Kurt J. Schneider, Assistant Fire Marshal. Because this subpoena was not issued by a judge based upon a sworn affidavit exhibiting probable cause and because there was no exigent circumstances and because Defendant has a reasonable expectation of privacy in his cell phone records, said records and any evidence obtained as a result of said records must be suppressed.

**Evidence Obtained from 363 Fairlawn Avenue, Mansfield, OH**

The evidence obtained from 363 Fairlawn Avenue, Mansfield, OH must be suppressed for four (4) reasons: involuntary consent, search warrant was issued by a non-neutral judge, and Defendant had an expectation of privacy in the home.

<u>Involuntary Consent</u>

Laurie Butler, the girlfriend of the Defendant, owns and resided at 363 Fairlawn Avenue, Mansfield, OH on December 14, 2009. Around 8:00 a.m. on that day several law enforcement personnel showed up at Ms. Butler's residence. They requested her permission to search her residence and she declined unless they had a warrant. After promising the warrant was on the way (which one was not – it had not yet even been requested), she again refused consent. The officers then asked if they could just do a "safety check" to ensure that the Defendant was not in the residence with any weapons. Ms. Butler **again** refused consent. At that time she was told by the officers if she did not consent to the search, they would take her minor son from her and put him in protective custody. Once faced with that consequence, in her mind she had no other option but to consent to the search. As such, the consent was she provided was obtained under duress and thus invalid.

As a condition of the search, Ms. Butler agreed to allow only one officer, Kurt Schneider, into her residence with her and refused entry to any Mansfield police officers. As Mr. Schneider was conducting the search, accompanied by Ms. Butler, three (3) Mansfield police officers let themselves into the residence, in direct violation of Ms. Butler's refusal to allow them entry. It was during the course of this non-consensual and warrantless search that the officers claim to have seen, purportedly in plain view, a gas can, duct tape and a police scanner. The "plain view" observation of these items was

then used as the basis to obtain the search warrant issued on December 14, 2009. Because the search was non-consensual, there was no probable cause for the warrant. Because of these reasons, any items seized under said warrant should be excluded as they were obtained in violation of the Defendant's constitutional rights.

Non-Neutral Judge Issued Warrant

The search warrant issued on December 14, 2009 was issued by a Richland County Court judge. Because the crimes the Defendant is charged with in this matter deal with an alleged "fire bombing" of court offices in Richland County and because of the Defendant's prior involvement with the Richland County judicial system, a Richland County judge cannot be considered a neutral and detached party as is required when issuing a search warrant. Because of this reason, any items seized under said warrant should be excluded as they were obtained under a defectively issued search warrant in violation of the Defendant's constitutional rights.

Warrant is Overbroad

Even if it is assumed the search warrant was obtained legally, the search warrant itself was defective due to it being overbroad. When executing the defective search warrant, the law enforcement officers were authorized to search for duct tape, electrical tape, plastic bottles, gasoline, and any tools/chemical components/evidence associated with manufacturing explosive devices (paraphrased). Not only are the items listed those same items that were viewed improperly because of law enforcement officers intentionally misleading a civilian and threatening her with the loss of her son, the "any tools" and "any and all evidence" is overbroad and allows the officers to search the home and seize anything they wish from the residence, which is improperly broad under the

Constitution.  As such, any items seized under said warrant should be excluded as they were obtained in violation of the Defendant's constitutional rights.

Expectation of Privacy

When executing the defective warrant, the law enforcement officers searched areas within Ms. Butler's home in which Mr. Dye had a reasonable expectation of privacy, including but not limited to the washing machine.  Because said search was done as a quasi-warrantless search, any evidence obtained with the warrant was seized in violation of the Defendant's constitutional rights and must be excluded from the evidence.

Accordingly, based upon the argument and authorities stated above and to be further provided at an oral hearing in this matter, the Defendant respectfully requests that all the defective evidence be suppressed.

Oral hearing requested.

Respectfully submitted,

/s. James M. Campbell
JAMES M. CAMPBELL, #0004733
Attorney for Defendant, Kevin Dye
2717 Manchester Road
Akron, OH 44319
P: (330) 745-2422
F: (330) 745-2447

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically.

/s. James M. Campbell
JAMES M. CAMPBELL, #0004733
Attorney for Defendant, Kevin Dye