**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:10CR221 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| KEVIN DYE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

A pre-trial hearing was conducted on May 2, 2011 for the purpose of receiving oral argument on the pending motions. Among the motions discussed was the defendant's motion for a continuance. (*See* Doc. No. 114.) In a minute entry that same day, May 2, 2011, the Court indicated that it would grant the defendant a short continuance to allow defense counsel additional time to meet with the defendant prior to trial, and to verify that the government has provided all discovery relating to the glass fragments. This Opinion & Order shall memorialize that ruling, and further set forth the Court's reasons for granting the continuance.

On May 18, 2010, the defendant, Kevin Dye, was indicted on one count of federal arson, under 18 U.S.C. § 844(i), and one count of using an incendiary device in the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii). Both counts related to the December 14, 2009 fire-bombing of the Mansfield City Hall.

On July 22, 2010, attorneys for the respective parties and the defendant, Kevin Dye, with the consent of the Court, executed a waiver of the rights to a speedy trial pursuant to 18 U.S.C. § 3161. (Doc. No. 16.) As grounds for the continuance, the Court found that the ends of justice served by the motion for a continuance outweighed the best interest of the public and defendant in a speedy trial. (*Id*.) Additionally, the Court found that the case is unusual and complex due to the nature of the prosecution and the number of documents involved, and that it was unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by 18 U.S.C. § 3161.

On October 14, 2010, the Court granted the defendant's motion for a further continuance to afford newly-appointed counsel for the defendant, Nathan Ray, the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. (*See* Doc. No. 54.) On October 26, 2010, the Court entered an order setting forth the new dates and deadlines, including a new trial date of May 9, 2011 with jury selection to commence on May 6, 2011, that were to govern the remainder of this action. As grounds for setting these new dates, the Court again found that the ends of justice served by the defendant's motion outweighed the best interest of the public and the defendant in a speedy trial and the failure to grant an ends of justice continuance in this instance would deny new counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, the Court reaffirmed its finding that the case was unusual and complex due to the nature of the prosecution and the number of documents

involved, and that it was unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by 18 U.S.C. § 3161.

On March 30, 2011, the government issued a Superseding Indictment, which had the effect of adding a second count of arson under 18 U.S.C. § 844(i). This new count (appearing as Count 1 of the Superseding Indictment) related to a separate arson, which was alleged to have occurred on August 8, 2009 and involved the fire of a local bar and restaurant in Mansfield, Ohio.

On April 28, 2011, the defendant filed another motion to continue the trial date. (Doc. No. 114.) As grounds for his motion, the defendant maintains that the addition of the second arson count has increased the amount of discovery that he and his counsel must review prior to trial, and has caused counsel to reevaluate the approach that they will take in defending Mr. Dye at trial. At the motion hearing on May 2, 2011, defense counsel elaborated that the defendant was seeking additional time in order to meet with his attorneys to review the discovery from the new arson charge and to strategize. The defendant spoke on his own behalf at the hearing and indicated that he was also concerned that the government had not provided all required discovery relating to glass fragments found at the scene of the newly charged arson.

The Court finds that the ends of justice served by the motion for a continuance outweigh the best interest of the public and the defendant in a speedy trial and that the failure to grant an ends of justice continuance in this instance will deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

3

Specifically, the Court finds that a brief continuance will afford the defendant sufficient time to meet with his counsel to review the discovery relating to the arson charged in Count 1 of the Superseding Indictment and strategize as to the defense plan for trial, and to verify that the government has provided all required discovery relating to the glass fragments. Additionally, the Court reaffirms its finding that the case is unusual and complex due to the nature of the prosecution and the number of documents involved, and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by 18 U.S.C. § 3161.

In granting this continuance, the Court emphasizes that it is not meant to extend the time for the filing of any kind of motion (which deadlines have now passed), nor was such a request made by either party. The dates and deadlines that shall govern the balance of this action are set forth in the Court's May 2, 2011 Minutes.  Trial shall commence on May 20, 2011 in Cleveland, Courtroom 17B, with voir dire. Opening statements will begin on May 23, 2011.

Finally, it is noted that, at the May 2, 2011 hearing, the Court inquired of the defendant and he acknowledged that he was in agreement with the request in his motion to continue the case in order to afford himself and his counsel additional time to prepare the case.

IT IS SO ORDERED.

Dated: May 6, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4