**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR221 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| | ) | |
| KEVIN DYE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 2, 2011, the Court conducted a pre-trial conference and motion hearing wherein it heard oral argument on the government's motions in limine. (*See* Doc. No. 107.) At the conclusion of the hearing, the Court ruled on the record as to two of the pending motions, and stated in the minutes from the conference and motion hearing that it would issue a written ruling in due course. The Court now files the present Opinion & Order memorializing its bench rulings.

**Motion in Limine Standard**

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, the practice of ruling on motions in limine "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions in limine allow the court to rule on evidentiary issues prior to trial in order to avoid delay and focus pertinent issues for the jury's consideration. *See United States v. Brawner*, 173 F.3d 966, 970 (6th

Cir. 1999); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

Courts should exclude evidence on a motion in limine only when it is clearly inadmissible. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). If the court is unable to determine whether or not certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context. *Id*. Ultimately, the determination whether to grant or deny a motion in limine is within the sound discretion of the trial court. *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008) (citing *United States v. Certain Lands Situated in the City of Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982)). In limine rulings are preliminary, and the district court may change its ruling at trial for any reason it deems appropriate. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

**Federal Rules of Evidence**

All relevant evidence is admissible and evidence that is not relevant is not admissible. Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The relevancy standard is liberal. *Daubert v. Merrell Dow Pharms., Inc*. 509 U.S. 570, 587 (1993). However, relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

needless presentation of the evidence." Fed. R. Evid. 403.

**Discussion**

*Motion to Preclude Evidence that Others Should have been Charged*

While the government accepts that the defendant is free to argue that someone else was the perpetrator of the charged crimes, it maintains that he should not be allowed to offer a defense that others, in addition to the defendant, should also have been charged. At the hearing, defense counsel indicated that the defendant's theory of defense is that he was wrongly accused of the crimes charged in the Superseding Indictment, and that the defendant does not intent to offer evidence that others, in addition to the defendant, should have been charged.

Because the question of the possible guilt of others is not relevant to the question of whether the defendant is guilty of the charged crimes, the Court GRANTS the motion. Further, at the request of either party, the Court will instruct the jury that they are not to let the possible guilt of others influence their decision in any way. *See* Sixth Circuit Pattern Jury Instruction 8.08.

*Motion to Preclude Defense from Impeaching Witnesses Beyond Rule 609 Limits*

The government also moves to preclude the defendant from using a prior conviction to impeach a government witness beyond that which is permitted under Rule 609 of the Federal Rules of Evidence. At the hearing, defense counsel indicated that counsel had no intention to exceed the boundaries of Rule 609. Because the Court intends to require both sides to abide by the Federal Rules of Evidence, the Court GRANTS the government's motion. In the event either party wishes to use evidence of a crime older

3

than 10 years to impeach a witness, they are to notify opposing counsel and, if counsel cannot agree on the propriety of using such evidence, they shall ask for a ruling by the Court in advance of any intended use of such material.

**IT IS SO ORDERED**.

Dated: May 16, 2011

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**