IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:10CR221 |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | JUDGE SARA LIOI |
| | ) | |
| KEVIN DYE, | ) | |
| | ) | JOINTLY REQUESTED JURY |
| Defendant. | ) | INSTRUCTIONS |

Now comes the United States, by and through counsel, Steven

M. Dettelbach, United States Attorney, and Matthew W. Shepherd,

Assistant United States Attorney, and submits the following

proposed jury instructions.  Unless otherwise noted, the

following instructions have been reviewed and agreed to by the

United States and Defendant KEVIN DYE, through his counsel,

Nathan Ray.  Instructions objected to by a party are noted.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney

By:   s/Matthew W. Shepherd
      Matthew W. Shepherd
      Reg. No. 0074056
      Assistant U. S. Attorneys
      400 United States Courthouse
      801 West Superior Avenue
      Cleveland, Ohio  44113
      216/622-3859: FAX 216/522-2403
      FAX 216/522-2403
      Matthew.Shepherd@usdoj.gov

- 2 -

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.01.

- 3 -

<u>Juror's Duties</u>

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard  here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.02.

- 4 -

Presumption Of Innocence, Burden Of Proof, Reasonable Doubt

As you know, the defendants have pleaded not guilty to the crime charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crime he is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the defendants start the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with them unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he or she is guilty.

This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that he or she is innocent.  It is up to the government to prove that he or she is guilty, and this burden stays on the government from start to finish.  You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that he or she is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A

- 5 -

reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendants guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.03.

- 6 -

<u>Evidence Defined</u>

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not  evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

- 7 -

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.04.

- 8 -

<u>Consideration of Evidence</u>


You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.


<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.05.

- 9 -

<u>Direct And Circumstantial Evidence</u>

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.06.

- 10 -

<u>Credibility Of Witnesses</u>

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

- 11 -

(E)  Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)  And ask yourself how  believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

- 12 -

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.07.

- 13 -

<u>Number Of Witnesses</u>

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.08.

- 14 -

<u>Lawyers' Objections</u>


There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.


<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 1.09.

- 15 -

<u>Defining the Crime and Related Matters - Introduction</u>


That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 2.01.

- 16 -

<u>SEPARATE CONSIDERATION—SINGLE DEFENDANT CHARGED WITH MULTIPLE</u>

<u>CRIMES</u>

The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charges.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 2.01A

- 17 -

OFFENSES CHARGED

The defendant is charged in the Indictment in Counts 1 and 2 with arson of a building used in interstate commerce or in an activity affecting interstate commerce in violation of Title 18, United States Code, Section 844(i).  The defendant is charged in Count 3 with carrying and using a firearm, that is destructive devices, during and in relation to a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A).

The Indictment states as follows:

COUNT 1

The Grand Jury charges:

On or about August 8, 2009, in the Northern District of Ohio, Eastern Division, KEVIN DYE, the defendant, maliciously damaged and attempted to damage by means of fire Belcher's House of Rock, a building located at 185 Orange Street, Mansfield, Ohio, which building was then used in interstate commerce and in activities affecting interstate commerce, in violation of Title 18, United States Code, Section 844(i).

COUNT 2

The Grand Jury further charges:

On or about December 14, 2009, in the Northern District of Ohio, Eastern Division, KEVIN DYE, the defendant, maliciously damaged and attempted to damage by means of fire and explosive materials the Mansfield City Hall building at 30 North Diamond

- 18 -

Street, Mansfield, Ohio, which building was then used in
interstate commerce and activities affecting interstate commerce,
in violation of Title 18, United States Code, Section 844(i).

<u>COUNT 3</u>

The Grand Jury further charges:

On or about December 14, 2009, in the Northern District of
Ohio, Eastern Division, KEVIN DYE, the defendant, did knowingly
carry and use a firearm, to wit, destructive devices composed of
gallon size plastic containers containing flammable liquid and a
wick, which devices functioned as improvised incendiary weapons,
during and in relation to a crime of violence, to wit,
maliciously damaging a building used in interstate commerce by
means of fire and explosive materials in violation of Title 18,
United States Code, Section 844(i), as charged in Count 2, all in
violation of Title 18, United States Code, Section 924(c)(1)(A)
and (c)(1)(B)(ii).

- 19 -

<u>Arson of Building Used in or Affecting Interstate Commerce</u>

The crime of Arson charged in Counts 1 and 2 of the indictment has three elements which are:

One, the defendant set fire or used an explosive to damage or destroy, or in an attempt to damage or destroy, property;

Two, the property was used in or affecting interstate or foreign commerce; and

Three, the defendant acted maliciously.

The building described in Count 1 is Belcher's House of Rock located at 185 Orange Street, Mansfield, Ohio, and the buidling described in Count 2 is the Mansfield City Hall located at 30 North Diamond Street, Mansfield, Ohio.

The first element of the offense which the government must prove beyond a reasonable doubt is that the defendant, by means of fire or explosive, damaged or destroyed, or attempted to damage or destroy property.

The statute defines "explosives" as "gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices ... and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by

- 20 -

concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof my cause an explosion." The definition of "explosive or incendiary device" includes "dynamite and all other forms of high explosives, ... any bomb, grenade, missile, or similar device, and any incendiary bomb or grenade, fire bomb, or similar device, including a breakable container including a flammable liquid or compound, and a wick composed of any material which when ignited, is capable of igniting such flammable liquid or compound, and can be carried or thrown by one individual acting alone."

The second element of the offense which the government must prove beyond a reasonable doubt is that the property which was damaged or destroyed was property used in or affecting interstate commerce.

"Interstate commerce" means commerce which affects more than one state.  It includes commercial activity between any place in one state and another place outside that state.  It also includes commercial activity wholly within one state but which has a substantial effect on commerce between or among states.  For example, if the property was used for the sale of merchandise, including food or drink, which had moved in interstate commerce, it would be used in interstate commerce.

Business-related property, as opposed to residential property, is considered as being used in or affecting interstate

commerce if, at the time it was damaged or destroyed, it was actively used for some commercial purpose.  Under the statute, rental residential property is included as property affecting interstate commerce.  A merely passive or past connection or a possible future connection to interstate commerce is not sufficient to satisfy this requirement.  A government building may be used in or in an activity affecting interstate commerce.  The government does not have to prove that the defendant knew that the property was actively used for some commercial purpose.

The third element which the government must prove beyond a reasonable doubt is that the defendant acted with malicious intent.  To act with malicious intent means to act either intentionally or with willful disregard of the likelihood that damage will result, and not mistakenly or carelessly.

Authority:

2 L. Sand, et al., Modern Federal Jury Instructions-Criminal, Paragraph 30.01, at Instructions 30-1 to 30-5 (2010)

Eighth Circuit Model Criminal Jury Instructions, Section 6.18.844

United States v. Laton, 352 F.3d 286 (6th Cir. 2003)

United States v. Jones, 529 U.S. 848 (2000)

- 22 -

18 U.S.C. §844 (i)

18 U.S.C. §844(j)

18 U.S.C. §232(5)

- 23 -

FIREARMS—USING OR CARRYING A FIREARM DURING AND IN RELATION TO A

CRIME OF VIOLENCE

Count 3 of the indictment charges the defendant with
violating federal law by using or carrying a firearm, to wit: a
destructive device, during and in relation to a crime of
violence.

For you to find the defendant guilty of this crime, you must
find that the government has proved each and every one of the
following elements beyond a reasonable doubt:

(A) First: That the defendant committed the crime charged in
Count 2. Arson of a building used in interstate commerce or in an
activity affecting interstate commerce is a crime of violence
which may be prosecuted in a court of the United States.

(B) Second: That the defendant knowingly used or carried a
destructive device.

(C) Third: That the use or carrying of the destructive
device was during and in relation to the crime charged in Count
2.

Now I will give you more detailed instructions on some of
these terms.

(A) To establish "use," the government must prove active
employment of the destructive device during and in relation to
the crime charged in Count 2.  "Active employment" means
activities such as brandishing, displaying, bartering, striking

- 24 -

with, and most obviously, setting off or igniting a destructive

device. "Use" also includes a person's reference to a

destructive device in his possession for the purpose of helping

to commit the crime charged in Count 2. "Use" requires more than

mere possession or storage.

(B) "Carrying" a destructive device includes carrying it on

or about one's person.

(C) The term "destructive device" means any explosive,

incendiary, or poison gas bomb, grenade, rocket having a

propellant charge of more than four ounces, missile having an

explosive or incendiary charge of more than four ounces, mine, or

device similar to any of the devices described in the preceding

clauses.

(D) The term "during and in relation to" means that the

destructive device must have some purpose or effect with respect

to the crime charged in Count 2; in other words, the destructive

device must facilitate or further, or have the potential of

facilitating or furthering the crime charged in Count 2, and its

presence or involvement cannot be the result of accident or

coincidence.

(E) The term "knowingly" means voluntarily and

intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of

these elements, say so by returning a guilty verdict on this

charge. If you have a reasonable doubt about any of these

- 25 -

elements, then you must find the defendant not guilty of this charge.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 12.02

18 U.S.C. § 921(a)(4)(A).

- 26 -

<u>On or About</u>

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crimes happened "on or about" particular dates.  The government does not have to prove that the crime happened on that exact date.  But the government must prove that the crime happened reasonably close to that date.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 2.04.

- 27 -

<u>Special Evidentiary Matters-Introduction</u>

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

<u>Authority</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.01.

- 28 -

## Defendant's Failure to Testify

A defendant has an absolute right not to testify [or present evidence].  The fact that he or she did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he or she is innocent.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.02A

- 29 -

<u>Defendant's Testimony</u>

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.02B

- 30 -

OPINION TESTIMONY

You have heard the testimony of_____, who testified as an opinion witness.

You do not have to accept _____'s opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.03

- 31 -

<u>WITNESS TESTIFYING TO BOTH FACTS AND OPINION</u>

You have heard the testimony of_____, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept _____'s opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.03A

- 32 -

<u>Impeachment by Prior Inconsistent Statement Not Under Oath</u>


You have heard the testimony of _____.  You have also heard that before this trial he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his testimony here in court.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.04

- 33 -

## Impeachment of Defendant by Prior Conviction

You have heard that before this trial the defendant was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his or her testimony was.  You cannot use it for any other purpose.  It is not evidence that he or she is guilty of the crime that he or she is on trial for now.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.05A

- 34 -

Impeachment of a Witness Other than Defendant by Prior Conviction

You have heard the testimony of _____.  You have also heard that before the trial he was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.05B

TESTIMONY OF A WITNESS UNDER GRANT OF REDUCED CRIMINAL LIABILITY

You have heard the testimony of _____.  You have also heard that the government has promised him that he may receive a lesser sentence in exchange for his cooperation.

It is permissible for the government to make such a promise. But you should consider _____'s testimony with more caution than the testimony of other witnesses.  Consider whether his testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.07

- 36 -

<u>Summaries and Other Materials Not Admitted in Evidence</u>

During the trial you have seen counsel use [summaries, charts, drawings, calculations, or similar materials] which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.12

### Other Acts of Defendant

You have heard testimony that the defendant committed or was charged with crimes other than the ones charged in the indictment.  If you find that the defendant committed or was charged with those crimes, you can consider the evidence only as it relates to the government's claim on the defendant's motive. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the offense charged in the indictment, not for the other acts.  Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.13

- 38 -

**\*INSTRUCTION REQUESTED BY GOVERNMENT, BUT OBJECTED TO BY DEFENDANT.**

<u>Flight, Concealment of Evidence, False Exculpatory Statements</u>

You have heard testimony that after the crime was supposed to have been committed, the defendant attempted to avoid capture after learning he was suspected of committing an offense, and that he made a false exculpatory statement to the police regarding his whereabouts.

If you believe that the defendant committed any of these actions, then you may consider this evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crimes charged.  This conduct may indicate that he thought he was guilty and was trying to avoid punishment.  On the other hand, sometimes an innocent person may commit these same actions for some other reason.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.14

- 39 -

Transcriptions of Tape Recordings


You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The tapes themselves are the evidence.  If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 7.17

- 40 -

Deliberations and Verdict-Introduction

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or

- 41 -

whatever your vote happens to be.  That should stay secret until

you are finished.

Authority:

        Sixth Circuit Pattern Criminal Jury Instructions, 2009
Edition, Section 8.01

- 42 -

<u>Experiments, Research and Investigation</u>

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.02.

- 43 -

## Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his or her guilt beyond a reasonable doubt.

To find him or her not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.03

- 44 -

## Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

- 45 -

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.04.

- 46 -

<u>Punishment</u>

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.05.

- 47 -

<u>VERDICT FORM</u>

I have prepared a verdict form that you should use to record your verdict.  The form reads as follows: _____.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Each of you should then sign the form, put the date on it, and return it to me.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.06.

- 48 -

## <u>Verdict Limited to Charges Against this Defendant</u>

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also, remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

<u>Authority:</u>

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.08

- 49 -

## Court Has No Opinion

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.09.

- 50 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2011, a copy of foregoing Government's Requested Jury Instruction was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

<u>/s/ Matthew W. Shepherd</u>
MATTHEW W. SHEPHERD
Assistant U. S. Attorney