# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:10CR221 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | (Nunc Pro Tunc)[1] |
| | ) | |
| KEVIN DYE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

   Before the Court is the motion of Defendant Kevin Dye (Dye or the Defendant) in limine to exclude "other acts" evidence under Rule 404(b) of the Federal Rules of Evidence. (Doc. No. 62.) Specifically, the defendant seeks to exclude any and all evidence relating to his prior convictions, and evidence regarding the criminal charges that were pending against the defendant in state court before Mansfield Municipal Court Judge Payton. The government has filed a response, and a supplement to its response. The defendant did not file a response to the government's supplement, and the time for responding has passed.

---

[1] This Amended Opinion and Order is being filed for the purpose of clarifying the Court's ruling (Doc. No. 113) with respect to the admission of evidence of the existence of the pending charges, as well as the facts underlying the defendant's 2009 charges for assault and intoxication. With respect to the latter, whether this evidence is admitted as "intrinsic" background evidence for the 2009 arson charge, or is considered "other acts" evidence under Rule 404(b), its probative value substantially outweighs any prejudice to the defendant under Rule 403. This amendment does not change the Court's ruling as to the admissibility of this evidence.

1. <u>Cases Pending Before Judge Payton</u>

The defendant is charged with two counts of violating the federal arson statute, 18 U.S.C. § 844(i), and one count of knowingly carrying and using a destructive device in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Specifically, the Superseding Indictment alleges that the defendant is the perpetrator of the fire-bombing of the Mansfield City Hall on December 14, 2009, and the August 9, 2009 arson of Belcher's House of Rock, a bar located in Mansfield, Ohio.

By this motion, the defendant seeks to prevent the government from introducing evidence of his prior misdemeanor convictions and misdemeanor cases pending before Judge Peyton at the time of the bombing. He argues that such evidence is not probative of motive because "thousands" of people with pending cases would have the same motive. He also notes that the prior convictions and pending cases are not related to arson (drug abuse, fleeing and eluding, assault, intoxication, and domestic violence). According to the defendant, this dubious purpose is outweighed by the prejudice of suggesting to the jury that the defendant has a propensity for committing crimes.

Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause show, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Crim. P. 404(b).

> Prior to admitting Rule 404(b) evidence, the district court must: (1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine whether the evidence is admissible for one of the proper purposes outlined in Rule 404(b); and (3) apply Rule 403 balancing to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice or the other concerns embodied in Rule 403.

*United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010) (citing *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001). *See United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003); *United States v. Merriweather*, 78 F.3d 1070, 1074 (6th Cir. 1996)).

At the outset, the Court notes that the government has indicated that it does not intend to introduce the defendant's prior convictions and, with the exception of the pending assault charges allegedly related to the August 8, 2009 Belcher's House of Rock arson which the Court shall address separately below, only intends to offer evidence demonstrating the existence of cases pending before Judge Peyton. It argues this evidence would be offered to show motive, and the fact that others with pending cases before Judge Peyton had similar motive does not diminish the fact that the evidence also establishes motive for the defendant, for whom there is circumstantial evidence that he participated in the bombing of the Mansfield City Hall.

The Court finds that this evidence satisfies the Sixth Circuit's three-part test. With respect to the first factor, the docket sheets from the pending cases are sufficient to establish that the cases were pending before Judge Peyton.

As for the second factor, the Court must determine whether the evidence is

3

offered for a legitimate purpose, and not "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

> Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered.

*Jenkins*, 345 F.3d at 937 (quoting *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002)). *See United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007). The government represents that it intends to offer evidence of the cases pending in Judge Peyton's court to show that the defendant had a motive for the bombing. Motive is a legitimate purpose under Rule 404(b), and is material to the question of the identity of the arsonist.

The final prong of the three-part test requires an analysis under Rule 403, which reads in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury […]." Fed. R. Evid. 403. "Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission." *Cooley v. Carmike Cinemas,* 25 F.3d 1325, 1330 (6th Cir. 1994). A district court has broad discretion in determining whether the danger of undue prejudice outweighs the probative value of evidence. *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989).

"An important indication of probative value of evidence is the prosecution's need for the evidence in proving its case." *Vance*, 871 F.2d at 577 (citing *United States v. Benton*, 637 F.2d 1052, 1057 (5th Cir. 1981)). In this case, the evidence is material and highly probative because it shows that all of the defendant's trial dates

4

before Judge Peyton were fast approaching. In fact, two cases were scheduled to begin two days after the bombing. Moreover, because there were no witnesses to the bombing, it is a critical piece of evidence that the jury may consider in determining whether the defendant was the arsonist.

As for unfair prejudice to the defendant, the Court observes that "[u]nfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis.'" *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (quoting *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988)). Evidence is unfairly prejudicial if:

> the jury's decision will be based upon improper factors, notably the character and past conduct of the accused, rather than upon the evidence presented on the crime charged. The prejudicial effect of the evidence may be reduced by the manner in which the evidence is introduced, e.g., elimination of inflammatory or unnecessary details from the presentation, and by cautionary instructions from the trial judge.

*Benton*, 637 F.2d at 1057.

Here there is some concern that the introduction of evidence regarding the cases pending before Judge Peyton will cause the jury to see the defendant as a recidivistic criminal offender. Still, a limiting instruction can be given to restrict the jury's consideration of this evidence to issues relating to the defendant's motive.

The Court finds that, on balance, the probative value of this evidence to establish the defendant's motive substantially outweighs the possible prejudice to the defendant. Therefore, its admission is permissible under Rule 403, and the defendant's motion in limine to exclude this evidence is DENIED.

2. Charges Relating to the Belcher's House of Rock Arson

In its supplement to its response to the defendant's motion to exclude Rule 404(b) evidence, the government indicates that it intends to offer evidence relating to the underlying facts surrounding the defendant's 2009 charges of assault and intoxication, which grew out of an altercation at Belcher's House of Rock on August 1, 2009. (*See* state court Case No. 2009CRB03223.) Because of the filing of the Superseding Indictment on March 30, 2011, which included the August 8, 2009 arson of Belcher's House of Rock, the government argues that evidence relating to an altercation at the same establishment 7 days earlier is necessary to effectively set forth the events that it contends led to the subsequent arson at the bar.

The government represents that the evidence will show that on August 1, 2009, the defendant was involved in an altercation at Belcher's House of Rock, for which he was ejected from the bar. According to the government, the evidence will further show that the defendant was heard to threaten the owner that he would put the owners of the bar out of business in front of several witnesses. The altercation led to charges against the defendant for assault and intoxication and, according to the government, led to the defendant returning to the bar on August 8, 2009 and setting fire to it. The government argues that the prior altercation in the bar is background evidence that is "inextricably intertwined" with evidence of the arson, and is, therefore, excluded from Rule 404(b). The Court agrees.

"Background" evidence, often referred to as "res gestae," does not implicate Rule 404(b). *United States v. Hardy*, 228 F.3d 745 (6th Cir. 2000) (citing 2

6

Jack B. Weinstein, Margaret A. Berger & Joseph M. McLaughlin, Weinstein's Federal Evidence, § 404.20[2][c]). Crimes or other wrongs that are unrelated to the charged offense are considered "extrinsic," and are generally not admissible, except under limited circumstances. Intrinsic acts, or those "inextricably intertwined" with the crime charged or are "part of a single criminal episode," however, are admissible and beyond the reach of Rule 404(b). *See United States v. Everett,* 270 F.3d 986, 992 (6th Cir. 2001); *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995).

As the Sixth Circuit explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*Hardy*, 228 F.3d at 748.

Here, the arson occurred seven days after the defendant's altercation at the bar, and culminated with the defendant allegedly threatening to cause the demise of the bar. Moreover, it is the government's theory that the altercation provided the defendant with motivation for the subsequent arson. As such, this evidence shares a causal and temporal connection with the charged offense of arson. In fact, it is the government's position that the prior altercation was the prelude to the arson, and it would seem that the government would be unable to completely set forth its theory of the case without presenting this evidence. Ultimately, the Court finds that evidence from the underlying assault and intoxication charges set forth in state court Case No. 2009CRB03223

constitutes proper background evidence.[2] *See, e.g., Barnes*, 49 F.3d at 1149 (evidence that a prior drug shipment had been "short" was properly admitted as intrinsic evidence as it could establish that the drugs that were the subject of the indictment were shipped to make up for the prior short shipment).

Of course, even evidence that is considered "intrinsic" must also satisfy the Rule 403 balancing test. As was the case with the evidence of the existence of the pending charges, there is a concern that this evidence will prejudice the defendant with the jury as it could portray the defendant as a repeat criminal offender. Again, a limiting instruction restricting the jury's consideration of this evidence as background for the 2009 charged arson will decrease this risk.

Once again, on balance, the Court finds that the probative value of this intrinsic evidence, as set forth above, substantially outweighs the prejudice to the defendant. As such, the Court rules that background facts relating to the defendant's 2009 assault and intoxication charges are admissible.

**Conclusion**

For all of the foregoing reasons, the defendant's motion to exclude "other acts" evidence is DENIED. Further, the government shall be permitted to offer evidence

---

[2] Even if this evidence constituted "other acts" evidence under Rule 404(b), the Court still would have permitted its admission at trial. First, as set forth above, there is sufficient evidence that the defendant has been charged in connection with an August 1, 2009 brawl at Belcher's House of Rock. Second such evidence is being offered for the proper purpose of establishing the defendant's motive and/or intent in committing the arson. Third, the evidence is probative of a material issue other than character: namely, the identity of the arsonist. Further, the Court finds that this probative value outweighs the potential harm that may result from the jury hearing details regarding charges that arose out of the August 1, 2009 brawl. As was the case with evidence showing the existence of charges pending in Judge Payton's court, a limiting instruction can reduce the potential harm that the jury will consider the evidence for an improper purpose.

8

relating to facts underlying state court Case No. 2009CRB03223.

**IT IS SO ORDERED**.

Dated: May 17, 2011

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**