# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:10CR221 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| KEVIN DYE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the government's objection to the defendant's notice of alibi. (Doc. No. 124.) The defendant was afforded an opportunity to file a written response to the government's objection. (*See* Doc. No. 130.) For the reasons that follow, the government's objection is SUSTAINED, in part.

A brief review of the salient dates is necessary in order to frame the government's objection. On May 18, 2010, the defendant was indicted in connection with the December 14, 2009 firebombing of the Mansfield City Hall. On October 11, 2010, the defendant filed a notice of alibi, identifying various individuals, including Laurie Butler, as alibi witnesses to the fact that he was not at the scene of the December 14, 2009 arson of the Mansfield City Hall. (Doc. No. 53.)

On March 30, 2011, a Superseding Indictment was returned against the defendant adding a second count of arson. The focus of this new count was the August 8, 2009 arson of Belcher's House of Rock in Mansfield, Ohio. On April 12, 2011, the

government filed its request for notice of alibi as to the Belcher's House of Rock arson. (Doc. No. 97.)

At a final pre-trial conference on May 2, 2011, the defendant requested a continuance of the May 9, 2011 trial date for the purpose of affording him additional time to meet with his counsel prior to trial and to verify that the government had provided all required discovery relating to the glass fragments found at the scene of the arsons. He did not, at that time, request additional time for the purpose of investigating alibi witnesses, nor did he request additional time to respond to the government's request for notice of alibi as to the August 8, 2009 arson. The Court granted the continuance, and rescheduled the trial to begin on May 20, 2011.

On May 16, 2011, the defendant filed a notice of alibi for the August 8, 2009 arson, and identified two individuals as alibi witnesses: Laurie Butler and Ronnie Butler. (Doc. No. 117.) The notice further provides that the defendant intends to offer evidence that he was in Strasburg, Ohio at the time of the August 8, 2009 arson of the Belcher's House of Rock. The government filed its objection to this notice on May 17, 2011. Noting that the defendant's notice was filed approximately 20 days beyond the 14 day deadline set forth in Rule 12.1(a)(2) of the Federal Rules of Criminal Procedure, and only four days before trial, the government complains that it will be prejudiced inasmuch as it will have insufficient time to investigate the alleged alibi.

Rule 12.1(a) provides, in relevant part:

(1)  Government's Request. An attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense.

>    (2)   Defendant's response. Within 14 days after the request, or at some other time the court sets, the defendant must serve written notice on an attorney for the government of any intended alibi defense.

Rule 12.1(e) provides that if either party fails to comply with the notice requirements of the Rule, "the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi."

The determination of whether to exclude witnesses as a sanction for a party's failure to comply with the notice provisions of Rule 12.1 is left to the discretion of the district court. *See United States v. Wood*, 780 F.3d 555, 560-61 (6th Cir. 1986). The Sixth Circuit has identified the following factors that should guide the district court's decision: "(1) the amount of prejudice that resulted from the failure to disclose, (2) the reason for nondisclosure, (3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events, (4) the weight of the properly admitted evidence supporting the defendant's guilt, and (5) other relevant factors arising out of the case." *United States v. White*, 583 F.2d 899, 902 (6th Cir. 1978) (quoting *United States v. Myers*, 550 F.2d 1036, 1043 (5th Cir. 1977)). *See Wood*, 780 F.3d at 560-61.

The Court finds that a weighing of the relevant factors leads to the conclusion that the government's objection should be sustained, in part. There can be no question that, with only days left before trial, the government will have insufficient time in which to investigate and prepare for the defendant's newly announced alibi defense as

3

to the Belcher's House of Rock arson.[1] Balanced against the substantial prejudice that the government will suffer from this belated notice is the fact that the defendant offers absolutely no excuse for the delay, and, given the nature of the proffered alibi, there is no reason why the defendant should not have known about the availability of this particular defense since the filing of the Superseding Indictment.  Further, the harm that will befall the government is not mitigated by any subsequent events.[2]

Therefore, the Court prohibits the defendant from offering Ronnie Butler as an alibi witness at trial.[3] In an effort to afford the defendant every opportunity to present a defense, however, the Court will permit the defendant to offer Laurie Butler as an alibi witness for both the August 8, 2009 and the December 14, 2009 arsons, as she was someone who was previously identified as having testimonial knowledge. While she was not timely identified by the defendant as an alibi witness for the August 8, 2009 arson, she was identified as an alibi witness for the December 14, 2000 arson. Moreover, Ms. Butler was first identified by investigators on December 14, 2009, the night of the Mansfield City Hall firebombing, as someone with knowledge relative to this case. As the government concedes in its objection, the prejudice that will result from permitting

---

[1] The defendant notes that the government has substantial resources at its disposal, and the need to investigate one new witness (Ronnie Butler) and one previously identified witness (Laurie Butler) should not result in prejudice. It is the lateness of the hour, and not the cost of preparation, that will result in the prejudice.
[2] Of course, the Court cannot, prior to trial, evaluate the weight of the evidence that the government will offer at trial as to the defendant's possible guilt. While the defendant suggests that the evidence allegedly tying him to the Belcher's House of Rock arson is largely circumstantial, this fact, alone, does not suggest that the case against him as to this charge is weak.
[3] The government represents, and the defendant does not deny, that Ronnie Butler has had no significant prior involvement in this case. Further, Mr. Butler was not identified as an alibi witness for the December 14, 2009 arson.

the defendant to call her as an alibi witness for the August 8, 2009 arson is less, due to her prior involvement in this case.

**IT IS SO ORDERED**.

Dated: May 19, 2011

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**