Case: 1:10-cr-00221-SL  Doc #: 141  Filed: 06/02/11  1 of 8.  PageID #: 1150

**In the United States District Court**
**Northern District of Ohio**
**Eastern Division (Akron)**

FILED
2011 JUN -2 PM 3:07
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>VS.<br><br>Kevin D. Dye,<br>    Defendant, | Case # 1:10-CR-00221<br><br>**Honorable Judge: Ms. Sara Lioi**<br><br>Motions for Arresting Judgment per Fed. Crim. R. 34(a)(2)(b) and 29(a)(c)(1) Judgment for Acquittal; Requested Oral Hearing and Finding of Facts and **Conclusions of Law; Proof of Service** Attached. |

    Now comes the Defendant, **KEVIN D. DYE**, pro se[1] ("Mr. Dye") respectfully moves and timely requests this Court, per Fed. Crim. R. 34(a)(2)(b) and 29(a)(c)(1), to issue an order entering Judgment for Acquittal and Arresting Judgment due to the fact "***the court does not have jurisdiction of the charged offence(s)***" and this request "***is within 7 days after the court accepts a verdict or finding of guilty," by the jury, on Friday, May 27, 2011, respectfully. Mr. Dye respectfully incorporates the facts and law as it exists, in summary of this case, by memoranda for granting this motion, respectfully.

Respectfully Submitted,

*/s/ KD*

Kevin D. Dye, 32704-160
NEOCCA
2240 Hubbard Road
Youngstown, OH 44505

---

[1] This substantive pro-se motion and right is made by Mr. Dye to preserve his issues and constitutional rights for review on appeal. **US v. Burr(1807)**, 25 Fed. Cas. 25, No. 14, 692(b)C.D.Va., Chief Justice Marshal).

# Memoranda
# Arresting Judgments

In summary, Counts I, II, and III of the superseding indictment (Doc. 83), during and after the end of the government's closing arguments and admission of evidence to, with the jury sworn and impaneled, only did Mr. Dye come to realize and know that this federal court lacked subject-matter jurisdiction and power over to try, hear, and determine, including jury's finds of guilt and verdicts of, the judgments in this case and because of this court's Lack of Federal Nexus requirement between the crimes charged and/or government's not proving, past or currently, the fact these (building(s) were then used in interstate commerce in violation of 18 USC Section 844(i)***" and "***924(c)(1)(A) and (c)(1)(B)(ii), as required by Article III, Section 2 of the United States Constitution and violation there of **US v Adesida(1997), 129 F.3d 846**, construed and persuasive by **US v Laton(6th circuit 2003), 352 F3d 286**, citing **US v Jones(2000), 529 US 848**, is a state, not a federal, charging crimes committed.) Therefore, this federal court's power, which is questioned ad lacks subject matter jurisdiction to pass judgment because of the government's insuffiency and absence admission of proper proof of evidence to the jury's determination in establishing the factual findings in verdict courts I, II, and III in commerce and in activities effecting interstate commerce fails the federal nexus requirement, should be determined and verdicts vacated within 7 days, as is without government's federal nexus proof, that of a state, not federal, crimes committed and charged. **Adesida, Laton, supra.** Accordingly, Mr. Dye requests this court to issue an order arresting judgments until the government's proof beyond a reasonable doubt of the evidence establishing this court's power and jury's verdict determination if it had jurisdiction over the crimes charged and tried by either expert's or lemans declaring-opinion, standing-alone is insuffiency and inadmissible evidence unless with exceptions of government's proof-qualitification per Fed.

Evid. R. 803(6)(8) accompanied by Fed. Evid. R. 902(4)(11)(A)(B)(C) business activity records combined with, testimony to prove indictment Counts I, II, and III factual elements these "***building(s) was then used in interstate commerence and in activities effecting interstate commerce***" challenged, compare recent standards. **Kumhotire Co. LTD. v Carmichael(1999), 526 US 137**. In fact, the lack of courts power and jury's sworn and impaneled on subject-matter to hear and **after** trying this case based upon insuffiency of and absence of the evidence of federal nexus requirement, jeopardy attaches for retrial. **Downum v US(1963), 372 US 734(4-5)**. As Mr. Dye's case was given by the government a full and fair opportunity with insuffiency of evidence if had, to prosecute by a sworn and impaneled jury, but unlike compared, and distinguished to. **US v. Tatel(1964), 377 US 463, at (4)**. If the federal nexus is not so proven, Mr. Dye requests to be discharged with prejudice, based upon insuffiency and lack of court's and jury's jurisdiction, respectfully.

## Absence Government's Admission of Insufficiency of Evidence of Interstate Commerce

In fact, questioned by the government's proof by preponderance of the evidence, which evidence, if when viewing in light most favorable of government's sustaining the elements of the conviction, that any rational trier of fact could "*find*" the essential elements of the crime beyond a reasonable doubt of, and if not to, the buildings used in commerce and in activities effecting interstate commerce is insuffiency of the evidence to sustain the elements and convictions must vacate the verdicts and discharge the accused which jeopardy attaches. **Laton, supra**; also see **US v Ryan(8th Circuit 2000), 227 F. 3d. 1058**, citing **US v. Jones(2000), 529 US 848**; and **Jackson v Virginia(1979), 443 US 307**. In Mr. Dye's case there is no admission of evidence by the government of this federal nexus requirement for the jury's determination factual finding of

the essential elements of the crime beyond a reasonable doubt for the convictions. **Jackson, supra**. Accordingly, Mr. Dye requests this court to issue an order entering a judgment of acquittal and discharging Mr. Dye with prejudice in Counts I, II, and III, respectfully.

### Absent Jury's Verdicts in Government's Proof of Elements Questions Insufficiency of Evidence for Convictions

In Mr. Dye's case, also within this superseding indictment and by the court's jury instructions (Doc. 117) at page 19-25 is the government's duty and requirement at Count I's and II's questionable evidence of *"the first element of the offense which the government must prove beyond a reasonable doubt is that the defendant, by means of fire or explosive, damaged or destroyed or attempted to damage of destroy property"* at page 19. The third element *"which the government must prove beyond a reasonable doubt is that the defendant acted with malicious intent"* at page 21. Likewise, within this indictment Count III and by this court's jury instructions at page 23 *"for you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:"*

(A) First: that the defendant committed the crime charged in Count II. ("***(B) that the defendant knowingly used or carried a destructive device (composed of gallon size plastic containers containing flammable liquid and a wick at 18)[2]). Now I will give you more detailed instructions of some of these terms. ("***(E) the term knowingly means voluntarily and intentionally and not because of mistake or accident. If you have reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.") at page 24-25 it is the governments sworn duty and requirement by

---

[2] Any elements in brackets are absent from the jury verdicts forms.

suffiency of the evidence to prove guilt beyond a reasonable doubt to each and every essential elements of the crime charged, as instructed by this court, to the jury's consideration, determination, and to do so by finding the elements must be stated wholly into their verdicts at the end and during their deliberations is a constitutional one in question. **In re Winship(1970), 397 US 358**. Evidence is only sufficient to sustain a conviction, if when viewing the evidence in light most favorable to the government, any rational trier of fact – the jury- could "*find*" the essential elements of the crime beyond a reasonable doubt. **Ryan, supra;** citing **Jackson v Virginia(1979), 443 US 307**, citing **Winship, supra**. This suffiency of the evidence and jury's verdict determination is a strict one and should not be overturned lightly **Hill v Norris(8th cir 1996), 96 F. 3d 1085**. In Mr. Dye's case, the government's failure to prove by suffiency of the evidence must be reasonably questioned and doubtful to the rational jury's determination because the jury's findings of guilt within their verdicts fails to reflect and find, as instructed, each and every essential elements of the crimes beyond a reasonable doubt *("is that the defendant, by means of fire or explosives, damaged or destroyed , or attempted to damage or destroy property, \*\*\* acted with malicious intent)"* within Count I's and II's verdicts, (Doc. 139), respectfully. Furthermore the government's failure by sufficiency of the evident to prove in jury's determination to find and reflect ("the elements of this crime \*\*\*beyond a reasonable doubt\*\*\*[3]") ("(A) defendant committed the crime charged in Count II" and "(B) \*\*\* defendant (knowingly used or carried) a destructive device (composed of gallon sized plastic containers containing flammable liquid and a wick at 18)") within Count 2's and 3's verdicts (Doc. 139), respectfully. **In re Winship, supra**.

---

[3] See, 2 supra.

This jury's failure to determine and state it's specific essential factual findings of the elements within their verdicts of the crimes charged gravely leaves open and raises reasonable doubt and questions of insufficiency of the evidence to sustain and convictions in violation and guaranteed by the Fifth and Sixth Amendments Due Process Clause Rights containing the requirements to the jury's factual determination finding in governments proof of the essential elements of the crime charged beyond a reasonable doubt a unanimous, fair and impartial trial by jury's verdict. **US v Booker(2005), 543 US 220**, citing **Blakely v Washington(2004), 542 US 296**; citing **In re Winship, supra**, which in Blakely stated *"\*\*\*the jury's verdict alone does not authorize the sentence(s)."* Id.  It is for this questionable reason based upon either one or both insufficiency of the evidence by government's reasonable doubt to *"prove"* to or the jury's *"factual findings"* absence and reflected by their verdicts the elements by government's insufficiency of the evidence to or elements to prove guilt is a constitutional question and an accused's right to demand and one only for the jury should have, but did not, so determine and decide – constitutionally prohibits jury's guilty finding standing alone by verdicts and sentencing invalid. **Blakely**, citing **US v Gaudin(1995), 515 US 1506 at 511**; and **Winship, supra**. In Mr. Dye's case, the facts is the jury's verdicts absence ad is silent on finding essential elements of the crime charged to prove guilt beyond a reasonable doubt, questionable upon the insufficiency of the evidence, which the government is so constitutionally required, regardless of reasonable doubt, to do so by the evidence to prove the elements by verdict to guilty thereof is being twice placed in jeopardy, jeopardy attaches equally to absence the elements. **Downun v US(1963), 372 US 734, at (4-5)**(absence government's element – witness and requested

discharge of sworn jury resulted in *"we resolve any doubt in favor of the liberty of the citizen, rather than exercise what would be an unlimited, uncertain, and arbitrarily judicial discretion."* With reasonable doubt an absence governments proof of elements in Mr. Dye's case, it is however, still the government's duty to prove and jury's sworn duty to determine and decide, by the evidence, and *"find"* the elements reflected into their verdicts of the crimes charged beyond a reasonable doubt to prove guilt; once the verdicts are accepted and the jury's duties are discharged by the judge it is not a court's duty to question the jury's verdict which is forever foreclosed to any questions by the government beyond a reasonable doubt. **US v Watts**(1997), 519 US 148 (per. Curiam). Anything less, that raises reasonable doubt and questions in constitutional questions was stated by this judge's instructions; *"if you jury have a reasonable doubt any of these elements, then you jury must find the defendant not guilty of these charge(s)."* at page 14. Accordingly, Mr. Dye requests this court to issue an order entering a judgment of acquittal due to the governments insufficiency of questionable evidence to and failure of fact by the jury's verdict to prove an absence finding essential elements to the crime charged beyond a reasonable doubt – leaving in limbo and forever closed questions of elements undetermined and undecided by jury's verdicts – to sustain convictions in Counts I, II, and III, and discharge Mr. Dye, with prejudice according to the facts and law, respectfully. **Booker**; **Blakely**, citing **In re Winship, supra**.

          Respectfully submitted,

          _____
          Kevin D. Dye, 32704-160
          NEOCCA
          2240 Hubbard Road
          Youngstown, OH  44505

## Proof of Service

The undersigned hereby acknowledges a true and correct copy of this motion was served upon all parties of record by regular US mail automatically and electronically filed this 2 day of June, 2011, respectfully.

Respectfully Submitted,

Kevin D. Dye

Nathan A. Ray
Burdon & Merlitti
Ste. 201
137 South Main Street
Akron, OH 44308

Javier H. Armengau
857 South High Street
Columbus, OH 43206

Steven M. Dettelbach
Matthew Sheperd (0074056(OH)
Assistant US Attorneys
US Court House, Suite 400
801 West Superior Avenue
Cleveland, OH  44113-1852