UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10-cr-221 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| KEVIN DYE, | ) | |
| | ) | |
| Defendant. | ) | |

On August 5, 2011, the Court sentenced defendant Kevin Dye ("Dye") to a custody term of 720 months following a jury trial wherein he was convicted of two counts of arson of a building in interstate commerce and one count of carry and use of a destructive device during a crime of violence. (Doc. No. 153 (Judgment).) Before the Court is Dye's letter requesting "a full and complete [copy] of [the] filed grand jury[] voting ballot[.]" (Doc. No. 198 (Letter).) Given Dye's *pro se* status, the Court construes the letter as a motion for the disclosure of the grand jury's voting ballot.

Defendants are "not normally entitled to the names of the members of the grand juries that indicted them." *In re Grand Jury Investigation (Diloreto)*, 903 F.2d 180, 182 (3rd Cir. 1990) (citing, among authority, *United States v. McLernon*, 746 F.2d 1098, 1122–23 (6th Cir. 1984)); *see United States v. Hansel*, 70 F.3d 6, 8 (2d Cir. 1995); *United States v. Barnes*, 313 F.2d 325, 326 (6th Cir. 1963). The policy behind the secrecy of jurors' names is to protect those called for grand jury service from the intimidation or retaliation of indicted defendants. *Diloreto*, 903 F.2d

at 182. "Only upon a showing of a 'particularized need' by a defendant, may a trial court intrude upon the secrecy of the grand jury proceedings and permit inspection of its minutes." *United States v. Levinson*, 405 F.2d 971, 981 (6th Cir. 1968) (citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 79 S. Ct. 1237, 3 L. Ed. 2d 1323 (1959)).

Here, Dye has demonstrated no such need. His brief one-paragraph letter includes no explanation as to why he is seeking disclosure of the grand jury's voting ballot. Courts routinely deny a defendant's motion seeking the disclosure of grand jury ballots or concurrence forms when they fail to demonstrate a particularized need that would warrant disclosure. *See, e.g., United States v. Smith*, No. 02-cr-20380, 2004 WL 784521, at *4 (W.D. Tenn. Jan. 26, 2004); *Jones v. Perry*, No. 3:16-cv-2631, 2020 WL 10486255, at *2 (M.D. Tenn. Dec. 21, 2020); *United States v. Abernathy*, No. 08-cr-20103, 2009 WL 982796, at *3–4 (E.D. Mich. Apr. 13, 2009); *see also United States v. Moaddab*, No. SACR 17-20, 2019 WL 6723412, at *3 (C.D. Cal. July 22, 2019) (denying petitioner's post-conviction request for the grand jury transcript and ballot because he "[did] not specify what injustice would arise from nondisclosure or how his need for the grand jury documents outweighs the many functions of grand jury secrecy"). Accordingly, the Court **DENIES** Dye's request to disclose the grand jury's voting ballot.

**IT IS SO ORDERED**.

Dated: January 30, 2026

                                                  **HONORABLE SARA LIOI**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**